Evan Glassman
212 506 3909
eglassman@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

**Steptoe**

December 13, 2024

**Via ECF**
Hon. Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Cargill, Incorporated v. Public Joint Stock Company National Bank Trust*, Case No. 23-mc-00134-PGG – Notification Pursuant to 31 Code of Federal Regulations (CFR) § 601.605

Dear Judge Gardephe:

We represent Public Joint Stock Company National Bank Trust ("NBT") in connection with the above-referenced matter.

On November 21, 2024, the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") announced it was designating NBT as a Specially Designated National subject to U.S. economic sanctions issued pursuant to Executive Order 14024 and the Russian Harmful Foreign Activities Sanctions Regulations, 31 CFR Part 587. See https://ofac.treasury.gov/recent-actions/20241121.

Pursuant to 31 CFR §501.605, this serves as the required notification to the Court of this OFAC designation, and that the consequence of the designation is that U.S. persons are required to terminate business activities and dealings with NBT, and they are required to " block" (or freeze) any property in their possession or control, or subject to U.S. jurisdiction, in which NBT has an "interest", a broadly defined term under the relevant regulations, set forth at 31 CFR Part 587. U.S. persons having possession or control over such property interests must also file a report with OFAC within 10 days of blocking the property interest, as well as an annual report on the status of such blocked property. These restrictions and obligations apply to all U.S. persons, including U.S. courts, judges, and others.

Hon. Paul G. Gardephe
December 13, 2024
Page 2 of 2

**Steptoe**

Furthermore, this letter is to notify the court, pursuant to 31 CFR § 501.605 and § 587.506(d), that an authorization is needed from OFAC before any attachment, judgment, decree, lien, execution, garnishment or other judicial process occurs with respect to any blocked property interest of NBT. Note that authorization from OFAC is not required for the court to rule on the pending motions, or to engage in other judicial processes that do not relate to blocked property.

Please also note that our law firm can continue to assist NBT in connection with U.S.-based litigation and court proceedings as authorized by OFAC under 31 CFR § 587.506(a)(3) and (a)(1).

Respectfully submitted,

Evan Glassman

cc: Counsel of Record