The Eastern Caribbean Supreme Court

In the Court of Appeal

Territory of the Virgin Islands

BVIHCMAP2025/0029
BVIHCMAP2025/0030
BVIHCMAP2025/0031
BVIHCMAP2025/0032
BETWEEN:

[1] Mikhail Osmanovich Shishkanov

[2] Quadra Commodities SA (Switzerland)

[3] Quadra Commodities Singapore PTE Ltd (Singapore)

[4] Louis Dreyfus Company Suisse Sa (Switzerland)

[5] LDC Trading and Service Co S.A. (Uruguay)

[6] Louis Dreyfus Company Asia PTE Ltd

[7] Wilson International Trading Private Limited

[8] Ifchor Galbraiths (Switzerland) SA (Previously Known as

[9] Ifchor (Switzerland) SA and before as Ifchor SA)

[10] Midwestern Trading Group, Inc.

[11] Cargill Financial Solutions LLC

[12] Cargill, Inc.

[13] Bunge SA

[14] Credit and Trading Company Ltd

Applicants/Appellants

and

PJSC National Bank "Trust"

Respondent

# ORDER

**CHAMBERS**

**ON PAPER**

**BEFORE HIS LORDSHIP, THE HON. MR. REGINALD T.A. ARMOUR SC, JUSTICE OF APPEAL [Ag.]** on the **17th** day of **February 2026**-

**UPON READING** the notice of application filed by Midwestern Trading Group Inc., Cargill Financial Solutions LLC and Cargill Inc in BVIHCMAP2025/0031 of the consolidated appeals ("the applicants") on 15th December 2025 seeking a stay of the proceedings in the court below along with a stay of paragraphs 5,7,8,9 and 11 of the Order of Mithani J dated 25th November 2025 ("the application");

**UPON READING:**

(i) The fourth affidavit of Charles James Maples filed on 16th December 2025 in support of the application together with exhibits and draft order;
(ii) The skeleton arguments filed in support of the application on 16th December 2025;
(iii) The correspondence between counsel for the applicants and the Chief Registrar dated 15th December 2025;

**UPON READING** the Order of Farara JA dated 22nd December 2025 making the following orders:

(1) The amended application for leave to appeal filed on 23rd December 2025 against the Order of Mithani J made on 25th November 2025 is granted.
(2) The applicants shall file their notice of appeal on or before 10th January 2026.
(3) The appeals in BVIHCMAP2025/0029, BVIHCMAP2025/0030, BVIHCMAP2025/0031 and BVIHCMAP2025/0032 shall be consolidated and heard together on a date to be fixed by the Chief Registrar for a minimum of 2 days.
(4) Thereafter the appeals shall proceed in accordance with Part 62 of the CPR.
(5) An interim stay is granted with respect to (1) paragraphs 5, 7, 8, 9 and 11 of the 25th November 2025 Order and (2) the Proceedings pending the determination of the stay application on papers.
(6) The respondents shall file and serve their evidence and skeleton argument in opposition on or before 15th January 2026.

(7) The applicants shall file any skeleton argument in reply by 24th January 2026.

**UPON READING:**

(i) The respondent's skeleton arguments in relation to the stay application filed on 10th January 2026;

(ii) The affidavit of Robert James Dougans on behalf of the respondents and certificate of exhibits filed on 20th January 2026;

**UPON NOTING** the draft consent Order sent via electronic mail to the Court's registry by counsel for the applicants on 9th February 2026 indicating the following:

(1) The time for NBT to file and serve its skeleton argument and evidence in opposition to the Stay Applications is extended from 4:00 pm on 15th January 2026 to 4:00 pm on 20th January 2026.

(2) The time for the Applicants to file and serve any evidence and/or skeleton argument in reply is extended from 4:00pm on 24th January 2026 to 4:00pm on 9th February 2026.

(3) Costs in the Consolidated Appeals.

**UPON THE COURT CONSIDERING** the principles for the grant of a stay pending appeal as outlined in the authorities **Wenden Engineering Service Co. Ltd v Lee Shing UEY Construction Co Ltd** HCCT No. 90 of 1999, **C-Mobile Services Limited v Huawei Technologies Co. Limited** BVIHCMAP2014/0017 (delivered 2nd October 2014) and **Michael James v Tasman Gaming Inc et al** Civil Appeal No. 6 of 2006 (delivered 8th February 2007, unreported) that –

(i) the court should take into account all the circumstances of the case;
(ii) a stay is the exception rather than the general rule;
(iii) the party seeking a stay must provide cogent evidence that the appeal will be stifled or rendered nugatory unless a stay is granted;
(iv) in exercising its discretion, the court applies what is in effect a balance of harm test in which the likely prejudice to the successful party must be carefully considered; and
(v) the prospect of the appeal succeeding, but only where strong grounds of appeal or a strong likelihood the appeal will succeed is shown;

**UPON CONSIDERING** rule 26.1(2)(k) of the **Eastern Caribbean Supreme Court Civil Procedure Rules (Revised Edition) 2023** which provides that the court may extend or shorten the time for compliance with any rule, practice direction, order or direction of the

court even if the application for an extension is made after the time for compliance has passed;

**UPON THE COURT BEING OF THE VIEW** that, in accordance with the established principles governing the grant of a stay, if the lower court proceedings were allowed to continue and the applicants were required to file a defence or otherwise participate, their appeal to this Court against the jurisdictional challenges in the lower court would be rendered nugatory; and that, in any event, the balance of convenience and harm favours the applicants, particularly in relation to compliance with the cost orders impugned at paragraphs 5, 7,8,9 and 11 of the Order of Mithani J;

**IT HEREBY ORDERED THAT:**

(1) The respondent's skeleton arguments in relation to the stay application filed on 10th January 2026 are deemed properly filed.

(2) The affidavit of Robert James Dougans on behalf of the respondents and certificate of exhibits filed on 20th January 2026 is deemed properly filed.

(3) A stay of the proceedings in the court below is granted pending the hearing and determination of this appeal.

(4) A stay of the paragraphs 5,7,8,9 and 11 of the Order of Mithani J dated 25th November 2025 is granted pending the hearing and determination of the appeal.

(5) Costs shall be costs in the appeal.

Dated the **17th** day of **February 2026**

BY THE COURT



....................................................
**DEPUTY CHIEF REGISTRAR**