*[signature]*

APPROVED 10/12/25

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
TERRITORY OF THE VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO. BVIHC (COM) 2023/0087

B E T W E E N :

PJSC NATIONAL BANK "TRUST"

Claimant

-and-

(1) MIKAIL OSMANOVICH SHISHKHANOV
(2) ~~CRAMBE ASSET HOLDINGS CORP~~
(3) OLYSERVE INC
(4) RABALO LIMITED
(5) REACHWAY OVERSEAS LTD
(6) IFCHOR S.A. (previously known as HANSBERG FINANCE LTD)
(7) FROWELL HOLDINGS LTD
(8) GARLAND SOLUTIONS LTD
(9) DIAMOND FORCA LTD
(10) DARMAN FINANCE LIMITED
(11) BLANCHE UNION LTD
(12) MIDWESTERN TRADING GROUP, INC.
(13) CARGILL FINANCIAL SOLUTIONS LLC
(14) CARGILL, INC.
(15) BUNGE SA
(16) CREDIT AND TRADING COMPANY LTD
(17) QUADRA COMMODITIES SA
(18) QUADRA COMMODITIES SINGAPORE PTE LTD
(19) LOUIS DREYFUS COMPANY SUISSE SA
(20) LDC TRADING AND SERVICE CO S.A.
(21) LOUIS DREYFUS COMPANY ASIA PTE LTD

**(22) NEW RESOURCES INTERNATIONAL S.A.** (previously known as **NOBLE RESOURCES INTERNATIONAL SA**)
**(23) LIBERTY COMMODITIES LIMITED**
**(24) ATLANTIC INDUSTRIAL & TRADING PTE LTD**
**(25) ALPHATRADE INTERNATIONAL LIMITED**
**(26) XANGBO GLOBAL MARKETS PTE LTD**
**(27) SIMEC GROUP LIMITED**
**(28) WILSON INTERNATIONAL TRADING PRIVATE LIMITED**
**(29) INTRA ASIA TRADING PTE LTD**
**(30) TRIUMPH COMMODITIES PTE LTD** (previously known as **TRIUMPH METALS & MINERALS PTE LTD**)
**(31) BERING TRADING LIMITED**
**(32) IFCHOR GALBRAITHS (SWITZERLAND) SA** (previously known as **IFCHOR (SWITZERLAND) SA** and before as **IFCHOR SA**)
**(33) EMPORIUM TRADE PTE LTD** (previously known as **PAN ASIA COMMODITIES AND TRADING PTE LTD**)
**(34) PARAS METALLICS PTE LTD**
**(35) PEARL RIVER DELTA TRADING (HONG KONG) LIMITED**
~~(36) CREDIT SUISSE AG~~

**Defendants**

---

**[COMPOSITE DRAFT] ORDER**

---

BEFORE:    The Honourable Justice Abbas Mithani

MADE :    25 November 2025

ENTERED:    _____ 2025

**UPON** the Claim Form issued by the Claimant ("**NBT**") on 5 May 2023

**AND UPON** the Order of the Honourable Justice Wallbank dated 11 May 2023 granting permission to serve the Claim Form out of the jurisdiction, made on NBT's application of 4 May 2023 ("**the May 2023 Service Out Application**" and "**PTSO Order**")

**AND UPON** the jurisdictional challenges of:

(i) D1, made by amended application notice of 17 July 2025;

(ii) D12–D14 (the "**Cargill Defendants**"), made by application notice of 7 June 2024;

(iii) D15–D16 (the "**Bunge Defendants**"), made by application notices of 16 September 2024 (D15) and 19 April 2024 (D16);

(iv) D17–D18, D19–D21, D28 and D32 (the "**Appleby Defendants**"), made by amended application notices of 27 February 2025; and

(v) D23 ("**Liberty**"), made by application notice of 26 April 2024, and D27 ("**Simec**"), made by amended application notice of 27 February 2025

(each application notice or amended application notice a "**Jurisdictional Challenge**", and collectively the "**Jurisdictional Challenges**")

**AND UPON HEARING** Paul McGrath KC, Nathan Pillow KC (attending remotely), Ben Woolgar, Benedict Tompkins and Jamie Holmes (as from his admission on 9 October 2025), and Andrew Emery for NBT, Tom Roscoe and Alistair Abbott for D1, Duncan Matthews KC, Andrew Willins KC, Damien Walker, Fay O'Halloran and Kara Benjamin for the Appleby Defendants, Matthew Hardwick KC, Richard Evans and Gráinne Hussey for the Bunge Defendants, Robert Weekes KC, Oliver Clifton and Harry Oulton for the Cargill Defendants, and Liberty and Simec not having appeared or been represented, at a hearing over five sitting days during the period 2–9 October 2025 (the "**Hearing**")

**AND UPON** the Court giving judgment on 21 November 2025, and that judgment being handed down in a further amended form on 25 November 2025 ("the **Main Judgment**")

**AND UPON** D18, D21 and D28 (the "**Singaporean Appleby Defendants**"), D20 ("**LDC Uruguay**") and D1 stating to the Court that they will not apply to set aside or otherwise impugn any orders made in relation to NBT's applications as are referred to at paragraph 3 below of this Order ("**NBT's Further Applications**"), on the basis of any alleged breach of the duties of full and frank disclosure and fair presentation in relation to those applications (as opposed to the application of 6 May 2024 by which the Claimant applied for the First Extension Order), while fully reserving their rights to apply to set aside any orders made in relation to those same applications on any other ground

**AND UPON** NBT agreeing that, on the basis of the matters in the recital immediately above, NBT's Further Applications should be *ex parte* against those same Defendants

[**AND UPON** the Court indicating that a 1-day CMC be listed following the filing of the Defences directed to be filed at paragraph 13 of this Order]

**Commented [GH1]:** The parties have included a comment in the 8th recital which records that the Court indicated orally at the Consequentials Hearing dated 25th November that the Court wished a CMC be listed following the filing of defences. There was no such direction in the final written Judgment of the Consequentials Hearing dated 27th November. The Parties are cognisant of the Judge's comment at paragraph 47 of the Consequentials Judgment dated 27 November that parties should not include provisions in orders which the Court has not expressly stated or decided.

**Commented [AM2R1]:** I am content with this because I do recall saying that there should be a cmc after the defences were in or the time for filing them had expired

**AND UPON** the Defendants having expressly reserved their position as to service and jurisdiction

**AND UPON HEARING**, remotely, Ben Woolgar and Mary-Frances Morris for NBT, Tom Roscoe for D1, Duncan Matthews KC, Andrew Willins KC, Damien Walker and Fay O'Halloran for the Appleby Defendants, Matthew Brown for the Bunge Defendants, Oliver Clifton for the Cargill Defendants, and Liberty and Simec not having appeared or been represented, at a consequentials hearing on 25 November 2025 (the "**Consequentials Hearing**")

**IT IS ORDERED THAT:**

*Disposal of the Jurisdictional Challenges insofar as heard at the Hearing*

1. The Jurisdictional Challenges are dismissed, save only for the matters listed in paragraph 4.1 to 4.4 of this Order below.

2. The purported service of these proceedings upon D20 on 3 May 2024 is set aside.

*Hearing NBT's Further Applications*

3. NBT's Further Applications, as follows, shall be determined on the papers at the earliest convenience of the Court:

    3.1. for a Third Extension of Time, by its application notice of 5 May 2025;

    3.2. for a Fourth Extension of Time, by its application notice of 5 November 2025;

    3.3. to vary permission to serve D1, by its application notice of 22 August 2025; and

    3.4. to vary permission to serve D20, by its application notice of 25 August 2025.

*Hearing of hived-off matters*

4. The following matters are to be heard at a hearing to be listed on the first available date (to accommodate the availability of the parties' counsel, to the extent reasonably possible) with a time estimate of 3 days:

4.1. Applications to set aside the Order of Wallbank J of 8 May 2024 granting the First Extension of Time, made by:

    (a)    the following of the Appleby Defendants, and Simec:

        (i)    Ds 17–18, by their Jurisdictional Challenge at paragraph 2(iA);

        (ii)    Ds 19–21, by their Jurisdictional Challenge at paragraph 2(iA);

        (iii)    Simec, by its Jurisdictional Challenge at paragraph 2(ii);

        (iv)    D28, by its Jurisdictional Challenge at paragraph 2(iA); and

        (v)    D32, by its Jurisdictional Challenge at paragraph 2(ii); and

    (b)    D1, by his application notice of 3 September 2025.

4.2. Applications to set aside service on them out of the jurisdiction, made by the following parties:

    (a)    the following Appleby Defendants and Simec:

        (i)    Ds 17–18, by their Jurisdictional Challenge at paragraph 2(iii);

        (ii)    Ds 19 and 21, by their Jurisdictional Challenge at paragraph 2(iii);

        (iii)    Simec, by its Jurisdictional Challenge at paragraph 2(iv);

        (iv)    D28, by its Jurisdictional Challenge at paragraph 2(iii); and

        (v)    D32, by its Jurisdictional Challenge at paragraph 2(iv); and

    (b)    D1, by his Jurisdictional Challenge at paragraph 2.

4.3. Applications to set aside the Order of Mithani J of 10 March 2025 granting the Second Extension of Time and (as to the parties listed in (a) below only) varying permission to serve out, made by:

    (a)    Ds 18, 21, 28 and 20, by their application notice of 2 May 2025; and

    (b)    D1, by his application notice of 3 September 2025.

4.4. The application to set aside the order of Mithani J of 10 March 2025 varying permission to serve out on D1, made by his application notice of 3 September 2025.

*Costs of the jurisdictional challenges insofar as heard at the Hearing*

5. The following Defendants shall each pay, on a joint and several basis, NBT's costs of and occasioned by the Jurisdictional Challenges insofar as heard at the Hearing, to be assessed if not agreed, and subject to paragraph 6 below:

    5.1. D1, up to the maximum amount of 90% of NBT's such costs; and

    5.2. the Cargill Defendants, the Bunge Defendants, the Appleby Defendants, Liberty and Simec.

6. NBT shall in any event pay D20's costs of D20's application to set aside service as referred to at paragraph 2 above, to be assessed if not agreed.

7. NBT shall not in any event be entitled to recover its costs as follows:

    7.1. Of the May 2023 Service Out Application, .

    7.2. (All subsequent costs arising from the May 2023 Service Out Application for the duration of the period of time up to and including 29 April 2024 (including, for the avoidance of doubt, the costs of preparing the Note filed on that date ., but excluding costs not arising from the May 2023 Service Out Application)]

*Application for payment on account*

8. NBT is entitled to a payment on account of the costs ordered to be paid pursuant to paragraph 5 of this Order. In the event that NBT seeks a payment on account, the following directions are to apply:

    8.1. NBT shall file and serve (on the Defendants listed in paragraph 5 of this Order) a schedule of its costs recoverable under this Order and indicate the payment on account it seeks;

    8.2. By 4pm, within 14 days of any said application, the Defendants listed in paragraph 5 of this Order are to collectively file and serve any responsive submissions in writing (in no more than two pages of A4 paper, using Arial font size 12);

    8.3. The Court will determine the application on the papers at its earliest convenience, and will reduce it by such further percentage as it considers just to reflect NBT's failure to give full and frank disclosure;

---

**Commented [AM3]:** It does seem to me that para. 7 should make it clear that costs will be recoverable by the Defendants but not the Claimant if the Ds are successful in defending the claim. I would suggest that para 7 should read: "The costs of and occasioned by the May 2023 Service Out Application and all subsequent costs arising from the May 2023 Service Out Application for the duration of the period of time up to and including 29 April 2024 (including, for the avoidance of doubt) the costs of preparing the Note filed on that date shall be the Defendants' costs in the case." This make it clear that the C will pay those costs if it is successful in the claim. If it is not, each party will bear its own costs. But I leave it to the Ds to decide with wording them would prefer.

**Commented [GH4]:** The Claimant has inserted the following wording at the end if paragraph 7.2 "*but excluding costs not arising from the May 2023 Service Out Application).*" The Defendants do not believe that this additional language is necessary or that the drafting clarifies the position on costs and therefore it ought to be excluded.

**Commented [AM5R4]:** I agree that there is no need to include the additional wording

    8.4.    By 4pm, within 28 days of the Court's order as to any payment on account, any payment ordered shall be paid by the respective Defendants to the Claimant.

*Discharge or variation of security for costs orders*

9.    With effect from 4pm on 24 December 2025, the following security for costs orders are discharged:

    9.1.    the Consent Order of Mithani J of 4 March 2025 ordering security for the Cargill Defendants' costs; and

    9.2.    the Consent Order of Mithani J of 4 March 2025 ordering security for the Bunge Defendants' costs

and NBT's legal practitioners are released from their Undertakings as recorded in the recitals to those Orders.

10.    With effect from 4pm on 24 December 2025, the following security for costs orders are varied, in each case so as to provide for a Security Sum (as defined therein) of 50% of that originally ordered:

    10.1.    the Consent Order of Mithani J of 4 March 2025 ordering security for D1's costs, by replacing "GBP 1.3 Million" with "GBP 650,000" in paragraph 1; and

    10.2.    the Order of Mithani J of 4 March 2025 ordering security for the Appleby Defendants' costs, by replacing "GBP 1.3 Million" with "GBP 650,000" in paragraph 1,

and (for the avoidance of doubt) the Undertakings of NBT's legal practitioners as recorded in the recitals to those Orders are varied accordingly.

*Defences*

11.    By 4pm on 15 January 2026, the Cargill Defendants, the Bunge Defendants and Liberty are to file and serve their Defences.

*Permission to appeal*

12.    By 4pm on 17 December 2025, the parties shall file any applications for permission to appeal in relation to paragraph 1 of this Order (dismissal of the Jurisdictional Challenges), and the time for permission to appeal is extended accordingly.

13. By 4pm on 19 December 2025, the parties shall file any applications for permission to appeal concerning the matters in the remainer of this Order.

Costs of the Consequentials Hearing

14. The costs of the Consequentials Hearing shall be costs in the case.

BY THE COURT

_____

For the REGISTRAR