UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cargill, Incorporated,<br><br>                       Movant,<br><br>v.<br><br>Public Joint-Stock Company<br>National Bank Trust,<br><br>                      Respondent. | No. 23-mc-00134-PGG |

## PROTECTIVE ORDER

PAUL G, GARDEPHE, U.S.D.J.:

WHEREAS, on January 10, 2023, Public Joint Stock Company National Bank Trust ("Petitioner") commenced this proceeding by way of an *ex parte* application under 28 U.S.C. § 1782 for an order authorizing it to serve subpoenas on certain financial institutions located in this District for use in pending or contemplated foreign proceedings (the "Application"), which Application was subsequently granted by order dated April 18, 2023;

WHEREAS, Petitioner requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation all the parties to this action (each, a Party"), including their respective corporate parents, successors, and assigns, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice

of this Order — will adhere to the following terms, upon pain of contempt:

1.     With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.     The Party or person producing or disclosing Discovery Material ("Producing Party") may designate such Discovery Material as Confidential by stamping or otherwise clearly marking it as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER ENTERED BY THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK."

3.     If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential any Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

4.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request or (b) a waiver of any privilege or protection.

5.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of the pending or contemplated foreign proceedings described in the Application and any appeals thereto (the "BVI Litigation") and any future civil or criminal proceedings related to or arising from the BVI Litigation (the "Related Proceedings"), and not for any business, commercial, or competitive purpose. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

6.     Where a Producing Party has designated Discovery Material as Confidential, other

persons subject to this Order may disclose such information only to the following persons:

a.  the court or other tribunal in the BVI Litigation and/or the Related Proceedings, including any appellate court, its support personnel, and court reporters;

b.  the parties to the BVI Litigation and/or the Related Proceedings, their insurers, and counsel to their insurers;

c.  counsel retained specifically for this action, the BVI Litigation, and/or the Related Proceedings, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

d.  outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, the BVI Litigation and/or the Related Proceedings;

e.  any mediator or arbitrator that may be engaged or appointed in connection with the BVI Litigation and/or the Related Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

g.  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in the BVI Litigation and/or the Related Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the BVI Litigation and/or the Related Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

i. stenographers engaged to transcribe depositions conducted in the BVI Litigation and/or the Related Proceedings;

j. any law enforcement or regulatory agency, in furtherance of a good faith effort to assist Petitioner to prosecute any claims associated with the BVI Litigation and/or the Related Proceedings; and

k. this Court, including any appellate court, its support personnel, and court reporters.

7. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 6(e), 6(g), or 6(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

9. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All

persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

10.    In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

11.    Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

12.    Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

13.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if

5

permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. This Order will survive the termination of this matter and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

16. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
      April 24, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cargill, Incorporated,

               Movant,

v.

Public Joint-Stock Company
National Bank Trust,

               Respondent.

No. 23-mc-00134-PGG

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential.  I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at the

conclusion of the litigation I will return all discovery information to the Party or attorney from

whom I received it.  By acknowledging these obligations under the Protective Order, I understand

that I am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: