MEMO ENDOSRED:

**Weil, Gotshal & Manges LLP**

National Bank Trust and the Dreyfus Entities
are directed to respond by May 18, 2026.

767 Fifth Avenue
New York, NY 10153-0119
Phone: +1 212 310 8000
Fax: +1 212 310 8007

SO ORDERED.

*Paul G. Gardephe*

May 8, 2026

_____

Paul G. Gardephe
United States District Judge
Dated:  May 11, 2026

**Daniel Stein**
+1 212 310 8140
Daniel.Stein@weil.com

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re: *Cargill, Incorporated v. Public Joint Stock Company National Bank Trust, Case No. 23-mc-00134-PGG*

Dear Judge Gardephe:

        We represent Cargill, Incorporated ("Cargill") in connection with the above captioned matter. Cargill and its affiliates respectfully move, pursuant to Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3, for reconsideration of the Court's April 17, 2026 Order (the "Order") denying Cargill's motion to quash the subpoenas issued by Public Joint Stock Company National Bank Trust ("National Bank Trust" or "NBT"). Cargill continues to contend that the British Virgin Islands ("BVI") High Court's jurisdictional finding was erroneous, and the BVI proceedings remain stayed pending resolution of Cargill's appeal. Reconsideration in this Court is warranted because the Court overlooked a material change in circumstances in the current posture of the "BVI" proceedings and therefore failed to address the first discretionary factor identified in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), namely, whether the documents sought are within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782 aid.

        In April 2023, when Cargill made its original filing, no proceeding had yet commenced in the BVI, and accordingly, the first *Intel* factor was not implicated. This argument was thus not available to Cargill on the record that existed at that time. In a December 2025 supplemental brief, however, Cargill brought this changed circumstance to the Court's attention and argued that the first *Intel* factor now weighed in its favor. Nevertheless, in its April 2026 order, the Court completely overlooked Cargill's December 2025 filing and unfairly concluded that Cargill had failed to raise the first *Intel* factor (Dkt. 74 at 36). This oversight plainly warrants reconsideration.

The Honorable Paul G. Gardephe
May 8, 2026
Page 2

### Procedural Background

On January 10, 2023, National Bank Trust filed an *ex parte* application under 28 U.S.C. § 1782 seeking discovery from several New York banks for use in anticipated proceedings in the BVI. The Court granted that application on April 18, 2023. On April 29, 2023, Cargill moved to quash the subpoenas (Dkt. 1). Cargill's motion argued principally that the requested discovery was not "for use" in a foreign proceeding and that the subpoenas were unduly intrusive – the fourth *Intel* Factor. Cargill did not dispute the first three discretionary *Intel* factors because, at that time, those factors were not relevant.

The situation has since changed materially. National Bank Trust filed the BVI action. The BVI High Court ruled that the BVI courts have jurisdiction over National Bank Trust's claims. That issue is now before the Court of Appeal and the underlying proceedings have been stayed.[1] Those developments materially sharpen the relevance of the first *Intel* factor, because the question is no longer whether contemplated foreign proceedings may someday exist, but whether the person from whom discovery is sought is a participant in the active foreign proceeding – and Cargill is among many BVI defendants that are the "real part[ies] for whom documents are sought." *In re ex parte Klein*, 2023 U.S. Dist. LEXIS 227152, at *27 (S.D.N.Y. Dec. 21, 2023) (quoting *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018)), *aff'd sub nom*. *Klein v. Altara RK Invs. Ltd.*, 2025 U.S. App. LEXIS 3869 (2d Cir. Feb. 20, 2025). Cargill now seeks reconsideration because the current posture of the BVI proceedings materially affects the relevance of the first *Intel* factor – "the person from whom discovery is sought is [now, in substance,] a participant in the foreign proceeding."

### Standard for Reconsideration

The Court reconsiders a motion under Fed. R. Civ. P. 59(e) according to Local Civil Rule 6.3. "A movant must demonstrate that the Court overlooked 'controlling law or factual matters' that had been previously put before it." *Bartlett v. Tribeca Lending Corp.*, 2019 U.S. Dist. LEXIS 64129, at *2 (S.D.N.Y. Apr. 12, 2019) (quoting *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009)). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue." *Id.* (quoting *Padilla v. Maersk Line, LTD.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009)).

### Material Changes Since the 2023 Motion to Quash Warrant Reconsideration.

The BVI proceedings have materially changed since the 2023 Motion because the action had not yet been filed. Once National Bank Trust filed the BVI action, and the BVI courts ruled on jurisdiction, the question of whether the requested evidence is within the foreign tribunal's reach crystallized.

Importantly, Cargill raised this issue in its December 17, 2025 submission. Since it became apparent that Cargill would be a participant in the BVI proceeding, Cargill asked the Court to consider

---

[1] The Court of Appeal granted an interim stay of the proceedings on December 22 and 23, 2025 and a full stay, pending determination of those jurisdictional appeals, on February 17, 2026.

The Honorable Paul G. Gardephe                                    **Weil, Gotshal & Manges LLP**
May 8, 2026
Page 3

why "NBT continues to seek discovery through this Court, when they have already received discovery pursuant to disclosure orders in the BVI and Cyprus," citing *Intel* factor one in support (Dkt. 59). But the Court's April 17 Order maintained that Cargill only objected to the fourth *Intel* factor (Dkt. 74 at 36). Indeed, Cargill did not dispute the first *Intel* factor in April 2023 because it was not yet relevant when Cargill reasonably believed that NBT would not and could not bring a claim against the BVI Defendants in the BVI. When these circumstances changed, two and a half years later, Cargill did object. Reconsideration is warranted so that the Court may consider whether the first factor favors a different outcome.

**Intel Factor One Weighs Against § 1782 Discovery.**

The first *Intel* factor asks whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the answer is yes, the need for 28 U.S.C. § 1782(a) aid generally is not as apparent. *Mangouras v. Boggs*, 980 F.3d 88, 97 (2d Cir. 2020). The factor "distinguishes between discovery from participants in the foreign proceeding and nonparticipants because 'nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.'" *In re Elvis Presley Enters. LLC*, 2016 U.S. Dist. LEXIS 25136, at *8 (S.D.N.Y. Mar. 1, 2016) (quoting *Intel*, 542 U.S. at 264).

"As the Second Circuit has explained, a district court must focus on the 'real party from whom documents are sought,' rather than the nominal party to whom a subpoena is addressed." *Klein*, 2023 U.S. Dist. LEXIS 227152, at *27–28 (quoting *Kiobel*, 895 F.3d at 245). "'[T]he relevant inquiry is ***whether the foreign tribunal has the ability to control the evidence sought and order production, not whether the tribunal has control over the party targeted by the Section 1782 application***.'" *Id.* at *28 (quoting *In re Porsche Automobil Holding SE*, 2016 U.S. Dist. LEXIS 20012, at *7 (S.D.N.Y. Feb. 18, 2016) (emphasis added).

In *Klein*, the court denied the petitioner's § 1782 application, reasoning that, despite only subpoenaing non-parties, the petitioner sought records of the parties of the foreign litigation in substance: ***the bank records*** of his foreign adversaries. *Id.* at *28. The court added that, "[t]o the extent that the recipients of Saul's subpoenas (U.S. financial institutions) prove to have responsive materials … such materials by definition will be financial records of the parties to the [foreign] civil proceedings (*e.g.*, their bank statements). The respondents do not have any independent records germane to the [foreign] courts." *Id.* at *28–29. The Second Circuit affirmed the District Court, adopting substantially the same reasoning. *Klein*, 2025 U.S. App. LEXIS 3869.

Here, too, this factor weighs heavily against the application of § 1782 discovery. National Bank Trust, like the petitioner in *Klein,* seeks to subpoena banks solely to access the BVI Defendants' bank records. Now that the BVI Defendants are parties in the BVI proceeding, the need for U.S. judicial assistance is diminished because the evidence is no longer meaningfully beyond the foreign court's reach. Cargill explained in its December 17, 2025 Letter Motion:

The Honorable Paul G. Gardephe                                    **Weil, Gotshal & Manges LLP**
May 8, 2026
Page 4

> [National Bank Trust] has already received discovery pursuant to disclosure orders in the
> BVI and Cyprus (see paragraphs 22(a) and (c) of the enclosed Maples affidavit). NBT has
> not identified a single item available in discovery in this Court that would not be available
> through the ordinary course in the pending BVI matter. Should Cargill's ... [appeal be lost
> in due course] and the claim proceed, the BVI High Court will hold a case management
> conference ("CMC") and order a timetable for the proceedings, including for discovery
> (which can also be sought from non-parties with the court's permission) .... The BVI High
> Court judge stated at a hearing on November 25, 2025 that, subject to any contrary direction
> from the ECSC Court of Appeal, he intended to ask for a CMC "certainly very soon in the
> new year" and disclosure would be the next stage.

(Dkt. 59). In other words, "granting § 1782 assistance would serve neither of the statute's 'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Shayakhmetova*, 2025 U.S. Dist. LEXIS 110811, at *12 (S.D. Ohio June 11, 2025) (quoting *Intel*, 542 U.S. at 252). "Commencing a separate proceeding in a foreign country to obtain discovery that [the] Applicant could obtain through the existing [foreign] litigation ... can hardly be considered efficient. Nor does this Court want to set an example for other countries of undertaking duplicative discovery analyses." *Id*. Additionally, granting § 1782 assistance here would defeat "[t]he purpose of the first factor … to show appropriate deference to the foreign tribunal, which 'can itself order [the parties] to produce evidence.'" *Klein*, 2023 U.S. Dist. LEXIS 227152, at *30 (quoting *Intel*, 542 U.S. at 264).

### Conclusion

For the foregoing reasons, Cargill respectfully requests that the Court grant this motion for reconsideration of its April 17, 2026 Order in light of the developments in the BVI proceedings, and quash the subpoenas issued pursuant to 28 U.S.C. § 1782. The Court should reconsider whether the first *Intel* factor, now implicated, changes its discretionary analysis.

Respectfully submitted,

/s/ *Daniel L. Stein*
Daniel L. Stein