UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re PUBLIC JOINT STOCK COMPANY NATIONAL BANK TRUST SECTION 1782 ACTION

23 Misc. 134

---

**PETITIONER PUBLIC JOINT STOCK COMPANY NATIONAL BANK TRUST'S OPPOSITION TO CARGILL, INCORPORATED'S MOTION FOR RECONSIDERATION**

Public Joint Stock Company National Bank Trust ("NBT") respectfully submits this memorandum of law in response to Cargill, Incorporated's ("Cargill") letter motion for reconsideration (the "Cargill Motion") of the Court's April 17, 2026 Order (the "Order"). ECF No. 74.[1]

**PRELIMINARY STATEMENT**

Motions for reconsideration are not opportunities for parties to raise new arguments after losing a motion, yet that is exactly what Cargill does here. For the first time, Cargill argues that its participation in the BVI Proceeding[2] means the first discretionary factor under *Intel Corp. v. Advanced Micro Devices, Inc.*—whether the discovery is sought from a participant in the foreign proceeding—favors denying the petition. 542 U.S. 241, 264 (2004).

As the Court will recall, Cargill is not one of the respondents here; NBT did not seek to serve a subpoena on Cargill. Rather, Cargill is an intervenor and one of several defendants in the

[1] Although Cargill submitted its request by letter, NBT submits this memorandum in accordance with Local Civil Rules 6.3 and 7.1.
[2] Unless otherwise noted, all defined terms shall have the meaning ascribed to them in the Order.

BVI Proceeding. In its motion for reconsideration, Cargill asks this Court for the first time to treat the Respondent Banks as if they were interchangeable with Cargill, so that it can argue under *Intel* that the discovery is sought from a participant in the foreign proceeding. The Respondent Banks are not participants in the foreign proceeding. The argument is meritless, and Cargill had numerous opportunities to raise it prior to the Court's April 17, 2026, Order. Further, the Court's thorough, well-reasoned 42-page Order already considered the pendency of the BVI Proceeding and Cargill's role in that action, and denied Cargill's motion to quash.

The Court need not even reach that issue to deny the Cargill Motion, however, because Cargill waived the argument by not raising it earlier. Instead, before the Court issued the Order, Cargill advanced the conceptually opposite position: that its jurisdictional challenge to the BVI Proceeding meant that it could not be deemed a participant in a foreign proceeding that was cognizable under § 1782, such that the material sought could not be "for use" in such a proceeding. Reconsideration does not allow an unsuccessful litigant to discard its failed arguments and test out new, inconsistent ones.

**BACKGROUND**

In January 2023, NBT commenced this proceeding under 28 U.S.C. § 1782 to obtain limited discovery from the Respondent Banks for use in the BVI Proceeding. *In re NBT* No. 23-mc-6 (the "Initial Action"), ECF No. 1. The discovery sought would shed light on a complex fraudulent scheme orchestrated in part by Russian businessman Mikail Shishkhanov, involving sham commodities transactions that allowed Shishkhanov and others, including Cargill, to loot an affiliate of NBT's predecessor. Initial Action, ECF No. 2. However, the subpoenas NBT sought to issue made no reference to Cargill. Initial Action, ECF No. 4-1-4-7. At that time, NBT made clear that the BVI Proceeding was still contemplated.

The Court granted NBT's application to issue the subpoenas in April 2023. Initial Action, ECF No. 11. Later that month, Cargill commenced this action, which is related to the Initial Action, and moved to quash the subpoenas issued to the Respondent Banks. ECF No. 2.[3] In 2023, Cargill did not argue that the first discretionary *Intel* factor should weigh against disclosure. Instead, Cargill posited that under a statutory requirement the discovery sought was not "for use" in a foreign proceeding because, it urged, the BVI Proceeding had not been commenced and "cannot exist, including due to lack of jurisdiction." *Id.* at 8.[4]

However, in May 2023, NBT commenced the BVI Proceeding. ECF No. 50-1 at 7. Cargill was, and remains, a participant in the BVI Proceeding; the Respondent Banks are not and never have been participants in the BVI Proceeding. In November 2025, the court in the BVI Proceeding rejected Cargill's jurisdictional challenge. ECF No. 56.

The next month, Cargill filed a letter arguing under the statutory "for use" requirement that "the Requested § 1782 cannot be for use in a foreign proceeding before jurisdiction is established." ECF No. 59 (the "December 2025 Letter"). Cargill contended that its appeal of the decision in the BVI Proceeding rejecting its jurisdictional challenge, coupled with its request for a stay pending appeal, warranted a stay of enforcement of the subpoenas. *Id*.

Nine days later, Cargill filed a letter informing the Court of a stay of the BVI Proceeding, which Cargill contended showed that NBT had no "practical ability" to introduce documents in the BVI Proceeding. ECF No. 64. In February 2026, Cargill filed another letter regarding the impact of the stay on NBT's ability to introduce documents in the BVI Proceeding. ECF No. 71.

---

[3] Unless otherwise noted, all references to ECF Nos. are to this consolidated action pending under docket number 23-mc-134, not the Initial Action.

[4] Louis Dreyfus Company Suisse SA and Louis Dreyfus Company Asia PTE Ltd. filed a similar motion shortly after Cargill did. Initial Action, ECF No. 13.

Again, Cargill's arguments focused on the statutory "for use" requirement. Neither letter referenced the discretionary *Intel* factors.

On April 17, 2026, the Court issued the 42-page Order. The Order considered the status of the BVI Proceeding and Cargill's participation in that proceeding and ultimately denied its motion to quash. On May 8, Cargill filed this motion for reconsideration. The Cargill Motion does not invoke a change in law, a change in circumstance or newly discovered facts, or identify a clear error. Rather, the Cargill Motion presents an argument under the first discretionary *Intel* factor that was not previously made. This is an improper use of a motion for reconsideration.

**ARGUMENT**

## I. A Strict Standard Governs Motions for Reconsideration

Motions for reconsideration are only available when a party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). "The standard for granting … a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Thus, a party may not use a motion for reconsideration to "plug[] the gaps of a lost motion with additional matters." *Cessna Fin. Corp. v. Al Ghaith Holding Co. PJSC*, No. 15 CIV. 9857 (PGG), 2020 WL 1130763, at *4 (S.D.N.Y. Mar. 9, 2020) (Gardephe, J.) (internal citation and quotation marks omitted). Courts "strictly apply" the standard for motions for reconsideration to

prevent such motions, like Cargill's, from "being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." *Id.* (internal quotation mark omitted).

## II. Cargill Fails to Meet That Strict Standard

### a. Cargill Waived Its Argument Regarding the First *Intel* Factor by Not Raising It Earlier and by Previously Advancing a Contrary Position

As the Court is aware, once the statutory requirements for discovery under 1782 are met, a court considers the four discretionary factors set forth in *Intel*. From 2023 through 2026, Cargill only argued that one of the *Intel* factors (the fourth) weighed against discovery.

The Court's April 2026 Order correctly found that "Cargill … dispute[s] only the fourth factor" under *Intel*, which relates to whether the subpoena is unduly burdensome. Order at 36. In its motion for reconsideration, Cargill announced for the first time that it was disputing the first *Intel* factor. This is a textbook example of a party striving to use a motion for reconsideration to "plug[] the gaps of a lost motion with additional matters." *Cessna Fin. Corp.*, 2020 WL 1130763, at *4 (internal quotation marks omitted).

Cargill's only attempt to argue otherwise rests on a strained interpretation of the one line in its December 2025 Letter referring to NBT "receiv[ing] discovery pursuant to disclosure orders in the BVI and Cyprus." December 2025 Letter at 2. That statement was unmoored from any reference to Cargill's involvement in the BVI Proceeding or any discussion of *Intel*, which the December 2025 Letter does not even cite until five sentences later for a separate point. *Id.* And the December 2025 Letter did *not* include Cargill's new argument that it—not the Respondent Banks—is the "real party" from whom discovery is sought. Nor did Cargill cite *In re Saul Klein*, 2023 WL 8827847 (S.D.N.Y. Dec. 21, 2023) or *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238 (2d Cir. 2018), on which it now relies.

More broadly, the problem with Cargill's position is that it is inconsistent with the strategy it advanced before the Court issued the Order. As Cargill concedes, it initially waived any argument under the first *Intel* factor because it "believed that NBT would not and could not bring a claim against the BVI Defendants in the BVI." Cargill Motion at 3. Cargill was wrong. NBT commenced the BVI Proceeding in May 2023. ECF No. 50-1.

Cargill could have shifted its strategy at that point and argued that discovery in the BVI Proceeding, including against Cargill, was sufficiently robust that discovery under 28 U.S.C. § 1782 was unnecessary. It instead dug in its heels, insisting that the BVI Proceeding should not exist because of its jurisdictional challenges, and thus NBT has no "practical ability" to use discovery in that case—even though the court in the BVI Proceeding rejected Cargill's jurisdictional challenge. The December 2025 Letter exemplifies that strategy. Cargill doubled down on the same position in an additional letter filed in February 2026, arguing that a temporary stay pending appeal in the BVI Proceeding warranted quashing the subpoenas. ECF No. 71.

The Court considered and rejected those arguments in the Order. Now, in a sudden *volte-face*, Cargill argues that, because it is a participant in the BVI Proceeding, discovery available in that proceeding renders discovery under § 1782 unnecessary. Cargill does not and cannot reconcile that position with its prior insistence that its jurisdictional challenge to the BVI Proceeding, and the resulting stay, deprive NBT of the "practical ability" to use discovery there. Reconsideration is not a vehicle for parties to replace one strategy with another after losing the original motion.

**b. Even if Cargill Did Not Waive This Argument, Reconsideration Is Not Warranted Because NBT Has Not Sought Discovery From Cargill**

The first *Intel* factor counsels that "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." 542 U.S. at 264. Here, NBT's application under § 1782 sought subpoenas directed to the Respondent

Banks, not Cargill. Nor do the subpoenas seek documents from, or even reference, Cargill. Thus, the first *Intel* factor does not lean against permitting discovery under § 1782.

Cargill's argument to the contrary relies on out-of-context quotations that obscure this straightforward conclusion. In some circumstances, parties use § 1782 applications to seek documents possessed by a participant in the foreign proceeding while formally directing the subpoena to a non-party. In *Klein*, for instance, the § 1782 applicant "subpoenaed only *non-parties*" to a Brazilian proceeding, but "he seeks records of the *parties*" that could have been obtained in the Brazilian litigation itself. 2023 WL 8827847, at *11. Likewise, in *Kiobel*, the applicant sought a company's documents by subpoenaing the company's counsel for materials it had collected from its client (the party in the foreign proceeding). 895 F.3d at 245. In those circumstances, the "real party" was the participant whose documents were actually being sought.

That is not what NBT did here. NBT sought banking records of transactions processed by the Respondent Banks and never referenced Cargill in the subpoenas. Cargill's expansive reading of *Kiobel* and *Klein* conflates two distinct questions: whether Cargill's documents are being sought and whether NBT may ultimately use bank records in litigation involving Cargill. *Kiobel* and *Klein* addressed the former question, not the latter.

At no point did *Kiobel*, *Klein*, or any other case hold that a defendant in the foreign proceeding like Cargill becomes the "real party from whom documents are sought" merely because the documents sought relate to, or could be used against, that defendant in the foreign proceeding. Such a rule would make the first *Intel* factor pointless, depriving the factor of any meaningful role in guiding the Court's discretionary analysis.

### c. Even Were the First *Intel* Factor To Favor Cargill, Reconsideration of the Order Is Not Warranted

Courts do not consider the *Intel* factors "mechanically." *In re SBK ART LLC*, 168 F.4th 68, 78 (2d Cir. 2026). Rather, once a court finds that an application under § 1782 meets the statutory requirements, a court may "freely consider and weigh factors it finds relevant." *Id.*

That is just what the Court did in its well-reasoned and comprehensive Order, which included five pages of discussion of the discretionary *Intel* factors. Order at 36-41. The Order also included multiple explicit references to Cargill's participation in the BVI Proceeding. *Id.* at 30-32. The Cargill Motion thus cannot identify any overlooked fact or any error of law; it is a request that the Court simply redo its consideration of the *Intel* factors.

Even were such a request proper on reconsideration, it should be denied. As the Court found in the Order, NBT is seeking specific information through narrowly tailored subpoenas. For the first *Intel* factor to have any meaningful impact on the Order's conclusion, Cargill would need to show that its participation in the BVI Proceeding makes this § 1782 application unnecessary since NBT could obtain the same discovery in the foreign proceeding.

Cargill has not made such a showing. Nor could it, since NBT has sought records of transactions possessed by the Respondent Banks, not Cargill's own transactional records. Cargill has not even suggested that it possesses the discovery NBT has sought from the Respondent Banks, let alone shown it could produce them in the BVI Proceeding. To the contrary, Cargill has repeatedly emphasized to the Court that it sought and obtained a stay of the BVI Proceeding because of its jurisdictional challenges, which Cargill claims deprives NBT of the "practical ability" to use discovery there. Cargill cannot now contend that discovery available in the BVI Proceeding renders § 1782 discovery unnecessary after repeatedly arguing that NBT has no practical ability to use any discovery in that action.

## III. Rule 59(e) Does Not Provide Cargill With a Separate Basis for Relief

"A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks and alterations omitted).

As Cargill itself acknowledges, this standard overlaps with the standard governing motions for reconsideration. For the same reasons the Cargill Motion fails as a motion for reconsideration, it also fails under Rule 59(e). Cargill has not identified any change of controlling law, new evidence, or any need to correct a clear error or prevent manifest injustice.

## CONCLUSION

The Cargill Motion should be denied.

Dated: May 18, 2026
New York, New York

Respectfully,

/s/ Robert S. Landy

Robert S. Landy
Arthur Kutoroff
FORD O'BRIEN LANDY LLP
275 Madison Avenue, Floor 24
New York, New York 10016
Telephone: (212) 858-0040
Facsimile: (212) 256-1047
rlandy@fordobrien.com
akutoroff@fordobrien.com

*Counsel for Public Joint Stock Company National Bank Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 18, 2026, a true and correct copy of the foregoing document was served on all counsel of record and electronically filed with the Court's electronic filing system.

Robert S. Landy
Robert S. Landy

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this memorandum complies with the form and length requirements under Local Civil Rules 6.3 and 7.1. According to the word-count function of Microsoft Word, this memorandum does not exceed 3,500 words.

Robert S. Landy
Robert S. Landy